IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. AP-75,176






Ex parte RICKIE LYNN CROW, Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NO. W01-59845-T IN THE 283rd JUDICIAL DISTRICT COURT

FROM DALLAS COUNTY






Keller, P.J., delivered the opinion of the unanimous Court.


O P I N I O N



 The question in this case is whether an applicant must show prejudice to establish entitlement
to an out-of-time petition for discretionary review (PDR) due to counsel's failure to follow the
requirements of Ex parte Wilson. (1) We hold that a limited showing of prejudice is required. Finding
that applicant has made this limited showing, we grant relief.


I. BACKGROUND


 Applicant was charged with the offense of aggravated robbery. He pled "not guilty" and was
subsequently convicted. He appealed. Represented by counsel on appeal, applicant challenged the
legal and factual sufficiency of the evidence and alleged Batson (2) error. The court of appeals affirmed
the trial court's judgment on April 4, 2003, but appellate counsel failed to inform applicant of the
court of appeals's decision. As a consequence, applicant did not become aware of the court of
appeals's decision until after the time for filing a petition for discretionary review had expired. 

 In a pro se application for writ of habeas corpus, filed with the trial court on April 13, 2004,
applicant contended that he discovered the court of appeals's opinion after his own inquiry, that he
was deprived of his right to file a PDR, and that, had one been filed, there was a significant chance
his conviction would have been reversed. Applicant did not explain in his application why he
believed a PDR would have had merit. 

 We filed and set this case to determine whether Hernandez v. State, (3) applying the prejudice
prong of Strickland (4) to the punishment phase of noncapital cases, (5) had any impact on the rule
announced in Wilson. Briefing was requested and applicant was appointed counsel for that purpose. 
Habeas counsel argued that a showing of prejudice was not required and, in the alternative, that the
Batson claim had merit. In its brief, the State claimed that a showing of prejudice was required and
that applicant failed to show prejudice because all of his claims on appeal were without merit.

II. ANALYSIS


 Hernandez suggests that a prejudice component is always part of an ineffective assistance
claim because the government is not responsible for deficient attorney performance and should not
be held accountable absent some real harm. (6) But we must also address the present case in light of
another, much more recent decision, Johnson v. State. (7) Johnson likewise held that all attorney errors
should be viewed through the prism of the Strickland framework, except in conflict of interest cases
and where the defendant is denied the right to counsel altogether. (8)

 But Johnson recognized that Supreme Court precedent treats certain attorney errors a little
differently under Strickland's prejudice prong than is ordinarily the case. (9) For attorney errors that
involve a deprivation amounting to a structural defect, the prejudice inquiry is more limited. (10) These
errors are rare, but include deficient conduct that results in the deprivation of an entire judicial
proceeding, such as an appeal. (11) When a defendant's right to an entire judicial proceeding has been
denied, the defendant is "required to show a reasonable probability that, absent counsel's errors, a
particular proceeding would have occurred, but he [is] not required to show that the proceeding
would have resulted in a favorable outcome." (12) Or put another way, to meet the limited showing of
prejudice in this context, "counsel's deficient performance must actually cause the forfeiture of the
proceeding in question." (13) As part of showing that the counsel's conduct actually caused the
forfeiture of the proceeding, the defendant must demonstrate that he would have availed himself of
the proceeding in question. (14)

 Although there is no right to discretionary review, an appellant ordinarily has a right to file
a PDR in an attempt to persuade us to exercise our discretion. Losing the right to file a PDR
constitutes the deprivation of that entire proceeding. 

 The question then becomes whether counsel's conduct caused the deprivation. In the PDR
context, satisfying that showing entails: (1) demonstrating that the appellant was entitled to be in the
appellate process, and (2) absent counsel's conduct, the appellant would have timely filed a PDR. 
When the appellant has no right to appeal, he can hardly be in position to complain about the denial
of a PDR. In that circumstance, there should have been no occasion to file a PDR because appeal
itself was unauthorized. So, where appeal is barred by Article 42.12, §5(b), (15) Rule 25.2(a)(2), (16)
Manuel v. State, (17) or some similar provision or doctrine, or where the defendant waived appeal, the
attorney's failure to comply with Wilson does not cause the defendant to be deprived of consideration
of his PDR. Likewise, when an appellant would not have filed a PDR anyway, even if he had been
notified in compliance with Wilson, then the attorney's action cannot be said to have caused the
deprivation.

 Applicant's case involved a prosecution on the primary offense, in a single proceeding, that
resulted in conviction after a plea of not guilty. No statute, rule, or caselaw doctrine appears to
prohibit appeal, no waiver of appeal is apparent, and the court of appeals addressed applicant's
appeal on the merits. Consequently, we conclude that applicant was entitled to be in the appellate
process. With regard to whether applicant would have filed a PDR, he filed his application less than
a year after the court of appeals's opinion became final, he has alleged that he was deprived of the
right to file a PDR and that he believes a PDR would have had a significant chance of success, and
of course, he is currently asking for an out-of-time PDR. And there is no controverting evidence
suggesting that he would not have filed a PDR. Under the circumstances present here, applicant's
allegations are sufficient to prove that he would have filed a PDR if he had been properly informed
in accordance with Wilson's dictates.

 Applicant is granted leave to file an out-of-time petition for discretionary review. Should
applicant desire to seek discretionary review, he must take affirmative steps to see that his petition
is filed in the Court of Appeals within thirty days after the issuance of the mandate of this Court in
this cause. 

 Keller, Presiding Judge

Date delivered: November 23, 2005

Publish
1. 956 S.W.2d 25 (Tex. Crim. App. 1997).
2. Batson v. Kentucky, 476 U.S. 79 (1986).
3. 988 S.W.2d 770 (Tex. Crim. App. 1999).
4. 466 U.S. 668 (1984).
5. Hernandez, supra.
6. 988 S.W.2d at 772.
7. 169 S.W.3d 223 (Tex. Crim. App. 2005).
8. Id. at 231-232.
9. Id.
10. Id. at 231.
11. Id.
12. Id.
13. Id. at 232 (quoting from Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000); internal
quotations omitted, brackets omitted from inserted material).
14. Id.
15. Tex. Code Crim. Proc., Art. 42.12, §5(b)(deferred adjudication defendant cannot
appeal trial court's decision to adjudicate guilt).
16. Tex. R. App. P. 25.2(a)(2)(plea bargaining defendant who gets benefit of the bargain
can appeal only those matters raised by written motion, filed, and ruled upon before trial or
where trial court gives permission to appeal).
17. 994 S.W.2d 658 (Tex. Crim. App. 1999)(defendant cannot attack original plea in
appeal from revocation of deferred or regular probation).